```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GABRIEL KENON,

                Plaintiff,

vs.                                    Case No. 2:10-cv-672-FtM-36SPC

CHRISTOPHER EDWARDS, Captain and
NURSE KOVACH,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon review of the Motion to Dismiss (Doc. #46, Mot. Dismiss), filed on behalf of Defendants Edwards and Kovach. Plaintiff filed a response in opposition to the Motion (Doc. #47, Response). Defendants filed a Reply (Doc. #53, Reply), after being granted leave from the Court. This matter is ripe for review.

### **I. Status**

Gabriel Kenon, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 while incarcerated in the Florida Department of Corrections. *See* docket. Upon review of the Complaint, the Court directed Plaintiff to file an Amended Complaint (Doc. #3) and Plaintiff complied (Doc. #10). Plaintiff is proceeding on his Amended Complaint (Doc. #10, hereinafter "Amended Complaint"), filed December 14, 2010.

Plaintiff names Captain Costello Edwards and Nurse Kovach, employees of Charlotte Correctional Institution, as Defendants.[1] Complaint at 1. According to the Complaint, on September 1, 2010, Defendant Edwards applied chemical agents for no reason on Plaintiff, who suffers from asthma. Plaintiff claims that Defendant Edwards then falsified a disciplinary report to justify the use of chemical agents. Amended Complaint at 7. Plaintiff alleges that Defendant Edwards knew Plaintiff had asthma. *Id.* Plaintiff further alleges that jail officials expunged the relevant disciplinary report. Plaintiff states that he suffered an asthma attack because of the application of chemical agents and was given "emergency treatment." *Id.* at 7-8.

With respect to Defendant Nurse Kovach, Plaintiff alleges that Defendant Edwards contacted Defendant Kovach before using chemical agents to see if Plaintiff had a medical condition that would prohibit the use of agents. *Id.* at 8. Plaintiff claims that despite Nurse Kovach knowing his medical condition, she "failed to make a medical asses[s]ment of [his] condition to Captain Edwards." *Id.* In other words, Plaintiff attributes liability on Defendant Kovach for failing to advise Defendant Edwards of the risks involved of spraying chemical agents on an asthmatic. *Id.*

---

[1] Plaintiff also named the Secretary for the Department of Corrections as a Defendant. *See* docket. The Court *sua sponte* dismissed the Secretary pursuant to section 1915A on March 10, 2011. *See* Doc. #24.

As relief, Plaintiff seeks a reward of damages "sustained through general negligence (culpable, wanton, gross, concurrent) and libel in the total amount of two hundred thousand dollars ($200,000)." *Id.* at 9.

Defendants move for dismissal based on Plaintiff's failure to exhaust his administrative remedies with respect to the claims against Nurse Kovach. Mot. Dismiss at 4. Alternatively, Defendants move to dismiss because negligence, lack of due care, defamation, and slander are not actionable claims under § 1983. <u>Id.</u> at 10-12. For the reasons herein, the Court grants the Defendants' Motion in part, and denies the Motion in part.

## II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

42 U.S.C. § 1997e(a)(emphasis added). A prisoner must exhaust all available administrative remedies before filing an action in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). Although prisoners are not required to plead exhaustion, *Jones v.*

*Bock*, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." *Id*. at 211. In order to exhaust, the inmate must comply with "all steps that the agency holds out, and doing *so properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure -to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." *Id.* (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." *Id.* at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. *Id*. at 1377 n.16.

The Florida Department of Corrections has a detailed grievance procedure in place. *See* Fla. Admin. Code 33-103.001 *et. seq.* Pursuant to the Florida Administrative Code Chapter, 33-103, Plaintiff is required to exhaust all available administrative

-4-

remedies before pursuing a civil rights action.  Specifically, the Florida Department of Corrections provides a three-step grievance procedure.  First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint.  Fla. Admin. Code  33-103.005-.007.  Except in certain circumstances, when an inmate files a formal grievance, he or she must attach the informal grievance and the response received to the informal grievance.  *Id. at* 33-103.006(2)(h).  If the inmate's issue is not resolved by utilizing the formal grievance at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections.  *Id.* at 33-103.007. Additionally, an inmate may bypass the filing of informal and formal grievances by filing emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary (referred to as "direct grievances").  *Id.* at 33-103.007(6).

Defendants submit that Plaintiff did not file any grievances or appeals thereof concerning Defendant Kovach, or any nursing staff, referencing the spraying incident on September 1.  Mot. Dismiss at 8.  Defendants attach the Declaration of Kim Adams, a correctional officer who is the Acting Grievance Coordinator at Florida State Prison, and the Declaration of Rebecca Padgham, the Management Analyst I for the Florida Department of Corrections,

Bureau of Inmate Grievance Appeals in Tallahassee, Florida. See Doc. #46-1 at 1-2, Decl. Kim Adams; *Id.* at 3-4, Decl. Rebecca Padgham. Both DOC officials attest that Plaintiff did not file any grievances concerning this incident against Defendant Kovach. *See Id.* The DOC officials, however, concede that Plaintiff exhausted his administrative remedies with respect to his claims against Defendant Edwards. *Id.*

In Response, Plaintiff disputes Defendants' contentions that he did not file any grievances regarding Defendant Kovach and attaches a copy of a grievance dated September 2, 2010, addressed to the "medical supervisor," pertaining to Defendant Kovach's "disregard" for Plaintiff's health because she authorized Defendant Edwards to use chemical agents on him despite his asthma. Response at 1; Pl's Exh. A. The response to the grievance is dated September 2, 2010, and states that "[h]ealth services staff do not make decisions in this area. The use of chemical agents is determined by security officers." *Id.* With respect to any additional grievances involving Defendant Kovach, Plaintiff claims that his "subsequent grievances and appeals were not returned." *Id.*

In Reply, Defendants acknowledge that Plaintiff filed the one grievance discussed *supra*, but maintain that Plaintiff did not exhaust his claim because he did not file a formal grievance, or an

-6-

appeal thereof. Reply at 1-3. Defendants submit additional Declarations from the Acting Grievance Coordinator and the Management Analyst I who point out that Plaintiff's informal grievance would not have been located in their files because Plaintiff did not file a formal grievance. *See* Doc. #53-1 at 1-3, Second Decl. of Adams; *Id.* at 5-8, Second Decl. of Padgham. The informal grievance would have only been in their files if Plaintiff had filed a formal grievance, or an appeal, and attached the informal grievance. *Id.*

Upon review, the Court finds that Plaintiff did not properly exhaust his administrative remedies with respect to his claim against Defendant Kovach. The Declarations from the DOC officials establish that Plaintiff did not pursue his administrative remedies after filing an informal grievance on September 2, 2010. In particular, after receiving the denial of his informal grievance on September 3, 2010, Plaintiff neither filed a formal grievance, nor an appeal thereof in contradiction to Florida DOC's exhaustion requirements. *See* Doc. #46-1, First Declaration Kim Adams; *Id.* First Declaration Rebecca Padgham; Doc. #53-1, Second Declaration Kim Adams; *Id.*, Second Declaration Rebecca Padgham. Although Plaintiff claims he filed other grievances and appeals concerning Defendant Kovach's failure to advise Defendant Edwards not to use chemical agents on Plaintiff because of his asthma, Plaintiff fails

to present any evidence of these purported grievances in response to Defendants' Motion. Therefore, the Motion to Dismiss is granted as to Defendant Kovach. The Court will now turn to the claims against Defendant Edwards.

### III. Motion to Dismiss Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the *Twombly-Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.

Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating *Conley*, 355 U.S. 41 in part and stating that *Conley* did not set forth the minimum standard governing a complaint's survival under a motion to

dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). Additionally, there is no longer a heightened pleading requirement. *Randall*, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh*, 268 F.3d at 1059; *Swint v. City of Wadley*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a

§ 1983 action. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-692 (1978); *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003); *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003).

**A.   Eighth Amendment**

Indeed, the Eighth Amendment, which prohibits "cruel and unusual punishment," provides the constitutional framework for Plaintiff's claim. It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). In applying the Eighth Amendment in the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order and security." *Ort v. White*, 813 F.2d 318, 324-25 (11th Cir. 1987).

With regard to the use of chemical agents:

> It is generally recognized that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984), *cert. denied*, 470 U.S. 1085 (1985). For this reason, we have closely scrutinized the use of tear gas or mace (a trade name for tear gas, *Soto*, 744 F.2d at 1261) in correctional facilities. *See e.g., Bailey v. Turner*, 736 F.2d 963 (4th Cir. 1984); *Greear v. Loving*, 538 F.2d 578 (4th Cir. 1976). This is because, even when properly used, such weapons "possess inherently dangerous characteristics capable of causing serious and perhaps irreparable injury to the victim." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.

> 1984), *cert. denied*, 470 U.S. 1035 (1985). Accordingly, although it is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determine[e] the validity of the use of tear gas in the prison environment." *Bailey*, 736 F.2d at 969. *See also Justice v. Dennis*, 834 F.2d 380, 383 (4th Cir. 1987) (*en banc*), *vacated on other grounds*, 490 U.S. 1087 (1989).
>
> However, mace can be constitutionally used in small quantities to "prevent riots and escapes" or to control a "recalcitrant inmate." *Landman v. Peyton*, 370 F.2d 135, 138 & n. 2 (4th Cir. 1966), *cert. denied*, 388 U.S. 920 (1967). *See also Bailey*, 736 F.2d at 968-69. A limited application of mace may be "much more humane and effective than a flesh to flesh confrontation with an inmate." *Soto*, 744 F.2d at 1262. Moreover, prompt washing of the maced area of the body will usually provide immediate relief from pain. *Id.*

*Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). Thus, it is "the imposition of pain totally without penological justification" that is proscribed by the Eighth Amendment. *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). *See also Ort v. White*, 813 F.2d 318; *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Liberally construing the *pro se* Amended Complaint, the Court finds, at this stage of the proceedings, that the action contains sufficient facts to set forth an Eighth Amendment claim. *See* Amended Complaint at 7 ("my eighth amendment (8th) of the U.S.

Constitution was violated when Costelo Edwards used unlawful and unjustifiable violence against my person resulting in cruel and unusual punishment. [sic] In addition to aggravated battery against my person in the absence of justification").

Accepting the facts in the Amended Complaint as true, Plaintiff claims Defendant Edwards applied chemical agents to him, knowing he has asthma, when Plaintiff was doing absolutely nothing wrong. As a result of the application of chemical agents, Plaintiff suffered a serious asthma attack that required emergency treatment and burning of his eyes and skin. Plaintiff further claims that Defendant Edwards issued him a "false" disciplinary report to justify the use of chemical agents. This disciplinary report was overturned due to technical errors. Amended Complaint at 5. Thus, the Amended Complaint states an Eighth Amendment claim and must be allowed to develop during the course of discovery.

Plaintiff should note, however, to the extent he references the terms "negligence" and "libel" in his relief requested section of the Complaint form, these claims do not amount to a cause of action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986)(stating plaintiff must allege more than negligence to state a cause of action under section 1983); *see also Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009)(citations omitted)(stating "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983

action).  Although it is unclear whether Plaintiff intends to raise pendent state law claims, liberally construing the Amended Complaint, the Court will construe the Amended Complaint to also contain pendent State law claims for battery, negligence, and libel. *See* Amended Complaint at 7 ("In addition . . . **aggravated battery** against my person in the absence of justification.")(emphasis added).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Motion to Dismiss (Doc. #46), filed on behalf of Defendants Edwards and Kovach is **GRANTED** in part and **DENIED** in part.

2. The Motion is **GRANTED** with respect to Defendant Kovach and Plaintiff's Amended Complaint is dismissed as to Defendant Kovach.

3. The Motion is **DENIED** with respect to Defendant Edwards for the reasons herein, and Defendant shall file his Answer and Affirmative Defenses within **twenty-one (21) days** from the date on this Order.

4. The **Clerk** shall enter judgment as to Defendant Kovach and correct the caption of the action to reflect that this case remains pending as to only Defendant Edwards.

**DONE AND ORDERED** at Fort Myers, Florida, on this 21st day of November, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record